No. 23-2049

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

RYAN POWNALL,

*Plaintiff-Appellant,*

v.

LAWRENCE S. KRASNER, TRACY TRIPP and
THE CITY OF PHILADELPHIA,

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania,
Case No. 2:22-cv-04191-GAM

---

## BRIEF OF DEFENDANTS-APPELLEES LAWRENCE S. KRASNER
## AND TRACY TRIPP

---

David Smith
Anne E. Kane
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA  19102
(215) 575-7000
dsmith@dilworthlaw.com
akane@dilworthlaw.com

*Counsel for Defendants-Appellees*
*Lawrence S. Krasner and Tracy Tripp*

November 9, 2023

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................... iii

INTRODUCTION ................................................................................... 1

COUNTER-STATEMENT OF ISSUE PRESENTED FOR REVIEW ................... 2

COUNTER-STATEMENT OF THE CASE ................................................... 2

    I.   The Motion to Dismiss Record ..................................................... 2

        A.   The Fatal Shooting ...................................................... 2

        B.   The Grand Jury Presentment .......................................... 3

        C.   The Criminal Proceedings .............................................. 4

    II.   Procedural History ...................................................................... 6

SUMMARY OF THE ARGUMENT ............................................................ 9

STANDARD OF REVIEW ..................................................................... 10

ARGUMENT ....................................................................................... 11

    I.   The District Court Correctly Held that a Prosecutor's Presentation Before an Investigating Grand Jury Is a Core Prosecutorial Function Shielded by Absolute Immunity. ......................................................................... 11

    II.   The Specific Conduct Underlying Pownall's § 1983 Claim Is Clearly Prosecutorial and Protected By Absolute Immunity. ................................... 14

    III.   Pownall's Witness Coercion Allegations Do Not Plausibly Suggest Any Conduct Not Covered By Absolute Immunity. ......................................... 16

CONCLUSION ..................................................................................... 19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ALA, Inc. v. CCAIR, Inc.*,
  29 F.3d 855 (3d Cir. 1994) ...................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................10

*Buckley v. Fitzsimmons*,
  509 U.S. 259 (1993).....................................................................11, 18

*Buraka v. McGreevey*,
  481 F.3d 187 (3d Cir. 2007) .............................................................10

*Fassett v. Delta Kappa Epsilon*,
  807 F.2d 1150 (3d Cir. 1986) .............................................................4

*Fogle v. Sokol*,
  957 F.3d 148 (3d Cir. 2020) .............................................................12

*Imbler v. Pachtman*,
  424 U.S. 409 (1976)...............................................................2, 11, 14

*Kost v. Kozakiewicz*,
  1 F.3d 176 (3d Cir. 1992) ...................................................................9

*Kulwicki v. Dawson*,
  969 F.2d 1454 (3d Cir. 1992) ...............................................10, 12, 19

*Labors' Int'l Union of N. Am. v. Foster Wheeler Corp.*,
  26 F.3d 375 (3d Cir. 1994) .................................................................9

*Monell v. Dep't of Soc. Services*,
  436 U.S. 658 (1978)........................................................................8, 9

*Odd v. Malone*,
  538 F.3d 202 (3d Cir. 2008) .......................................................10, 11

*Rocks v. City of Philadelphia*,
  868 F.2d 644 (3d Cir. 1989) .............................................................10

*Rose v. Bartle*,
  871 F.2d 331 (3d Cir. 1989) ........................................................*passim*

*Schneyer v. Smith*,
  653 F.3d 313 (3d Cir. 2011) ...............................................................11

*Spireas v. Comm'r of Internal Revenue*,
  886 F.3d 315 (3d Cir. 2018) ......................................................15, 17

*Tennessee v. Garner*,
  471 U.S. 1 (1985)......................................................................................5

*Weimer v. Cnty. of Fayette, Pennsylvania*,
  972 F.3d 177 (3d Cir. 2020) ...........................................10, 16, 18, 19

*Yarris v. Cnty. of Delaware*,
  465 F.3d 129 (3d Cir. 2006) ......................................................16, 18

*Zimmerman v. Corbett*,
  No. 13-cv-02788, 2015 WL 539783 (M.D. Pa. Feb. 10, 2015) ........................14

## Statutes

18 Pa. C.S. § 508..................................................................................4, 5, 8

42 Pa. C.S. § 4542...................................................................................13

42 Pa. C.S. § 4548...................................................................................13

42 Pa. C.S. § 4551(a) ..............................................................................13

42 Pa. C.S. § 4641 *et seq.* .....................................................................13

42 U.S.C. § 1983 ............................................................................*passim*

# INTRODUCTION

This case arises out of the tragic death of David Jones, who was shot in the back as he was running away from an altercation with Plaintiff-Appellant Ryan Pownall, who was then a Philadelphia police officer.  The Pennsylvania Office of Attorney General and the Philadelphia Police Department conducted an investigation into the shooting but transferred the investigation file to the Philadelphia District Attorney's Office (the "DAO") before a charging decision was made.  The DAO presented the facts of the shooting to a grand jury and brought criminal homicide charges against Pownall based on the grand jury presentment.  After the trial court quashed the presentment for procedural irregularities and dismissed the charges with leave to refile, Pownall filed this action against Defendants-Appellees Lawrence S. Krasner and Tracy Tripp (the "DAO Defendants"), and the City of Philadelphia (the "City"), alleging that the DAO Defendants had engaged in prosecutorial misconduct before the grand jury and during the criminal prosecution.

Even assuming that this conduct occurred exactly as alleged (and it did not), Pownall's allegations cannot sustain his § 1983 claims against the DAO Defendants as a matter of law.  The United States District Court for the Eastern District of Pennsylvania (McHugh, J.) correctly held that the DAO Defendants are entitled to absolute immunity for their conduct as advocates in connection with the grand jury

proceedings under established United States Supreme Court and Third Circuit precedent.  *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989).

In this appeal, as in his briefing to the District Court, Pownall disregards this well-developed and controlling authority and asserts that the DAO Defendants' conduct in preparing for and presenting the case to the grand jury was somehow "investigatory" rather than "prosecutorial."  As discussed in greater detail below, this Court should affirm the District Court's decision dismissing Pownall's § 1983 claims against the DAO Defendants, with prejudice, because it is inescapable from the face of the complaint that absolute immunity bars these claims.

## COUNTER-STATEMENT OF ISSUE PRESENTED FOR REVIEW

1.    Whether the District Court correctly held that the DAO Defendants are entitled to absolute immunity for their conduct as advocates in preparing for and presenting the Commonwealth's case to the investigating grand jury?

## COUNTER-STATEMENT OF THE CASE

## I.    The Motion to Dismiss Record

### A.    The Fatal Shooting

According to the amended complaint, Pownall was transporting a father and two young children in his patrol vehicle on June 8, 2017.  Appx146 (¶¶ 36-37). While stopped at a red light, Pownall observed David Jones illegally operating a dirt

bike and saw him stall the bike in front of a nearby business.  Appx146 (¶¶ 38-39).

Pownall exited his vehicle and approached Jones. Appx146 (¶ 39).  As he

approached, Pownall claims to have observed Jones twist his torso to either conceal

or retrieve something from his waistband.  Appx146 (¶ 40).  Pownall grabbed Jones,

felt the outline of a concealed handgun in Jones' waistband, and commanded Jones

to stop resisting.  Appx146 (¶¶ 41-42).  In the ensuing struggle, Pownall lost physical

control of Jones.  Appx146-147 (¶ 44).  Pownall then pulled his firearm and fired at

Jones, but his weapon misfired.  Appx147 (¶ 46).  As Jones ran away from Pownall,

Pownall cleared his firearm of the jam, and fatally shot Jones in the back.  Appx147

(¶¶ 47-49).  A video of the incident shows the fatal shooting.  Appx179.

### B.    The Grand Jury Presentment

The Pennsylvania Office of Attorney General oversaw the investigation into

the June 2017 shooting because then-Interim District Attorney Kelley B. Hodges

had a conflict of interest that prevented the DAO from handling the case.  Appx147-

148 (¶¶ 51-52).  After District Attorney Krasner took office on January 2, 2018, the

Attorney General transferred the file back to the DAO.  Appx148 (¶ 55).  The DAO

then submitted the matter to the Twenty-Ninth Philadelphia County Investigating

Grand Jury.  Appx149 (¶ 61).  The grand jury heard the testimony of a dozen

witnesses and viewed the video of the shooting.  Appx179, 286.  On August 23,

2018, the grand jury returned a presentment, recommending that Pownall be charged

with several crimes, including criminal homicide. Appx150 (¶ 69).[1] The grand jury

supervising judge reviewed the presentment and signed a warrant for Pownall's

arrest. Appx336.

### C.    The Criminal Proceedings

The DAO filed a criminal complaint against Pownall based on the

presentment. Appx151 (¶ 70). Shortly thereafter, the DAO filed a bypass motion,

seeking a court order permitting the case to proceed without a preliminary hearing.

Appx151 (¶ 71). Over Pownall's objection, the supervising judge granted this

request. Appx169-170. The supervising judge also modified the homicide charge

from criminal homicide generally to murder in the third degree. Appx170, 251-256.

Pownall was then granted bail and placed on house arrest pending trial. Appx251-

256.

Anticipating that Pownall would argue at trial that the shooting was justified,

the DAO filed a pretrial motion seeking an order modifying the use of the standard

jury instruction for the peace officer justification defense under 18 Pa. C.S. § 508.

---

[1]    Pownall has included a copy of the grand jury presentment in the Appendix. *See* Appx355-367. The grand jury presentment is not an exhibit to the amended complaint and it is not properly part of the record on appeal. Pownall has offered no explanation or justification for his attempt to expand the record beyond the materials submitted to and considered by the District Court. "The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1165 (3d Cir. 1986).

Appx152-153 (¶¶76-77, 79), 170. The DAO argued that elements of the § 508 justification defense relating to the use of deadly force were unconstitutional under *Tennessee v. Garner*, 471 U.S. 1 (1985), and proposed an alternative instruction. Appx153 (¶ 80). The trial court denied the DAO's motion and the DAO stated its intent to file an interlocutory appeal.[2] Appx153 (¶ 83).

In this same timeframe, Pownall moved to quash the presentment and dismiss all charges. Appx153 (¶ 81). Among other things, Pownall argued that the presentment was defective and that probable cause could not be determined without a preliminary hearing. Appx170, 172-173. Resolution of this motion was deferred during the pendency of the DAO's interlocutory appeal. Appx171. The trial court released Pownall from house arrest in late December 2019/early January 2020. Appx171, 339-340.

The case returned to the trial court in August 2022, and the trial court scheduled a hearing on all outstanding motions. Appx171-172. On October 11, 2022, after testimony and argument regarding the alleged procedural defects in

---

[2]    The DAO filed an appeal to the Superior Court on December 31, 2019, seeking immediate interlocutory review of the trial court's denial of the motion *in limine*. Appx170. The Superior Court quashed the appeal on September 4, 2020, finding that the DAO had not established the necessary predicate for an interlocutory appeal. Appx170. The DAO sought allocatur in the Pennsylvania Supreme Court. The Supreme Court granted allocator and, after briefing and argument, affirmed the quashal of the appeal on July 20, 2022. Appx171.

connection with the grand jury presentment and probable cause determination, the trial court quashed the presentment and dismissed the charges with leave to refile. Appx172.  In dismissing the case, the trial court emphasized that the DAO was "still entitled to pursue the charges against [Pownall]."  Appx350.

> This Court's decision to quash the presentment does not bar the Commonwealth from rearresting the Defendant on the same or similar criminal charges as it is this Court's conclusion that any prejudice suffered by the Defendant can be cured by providing him with a preliminary hearing.

Appx180.

## II.   Procedural History

Pownall commenced this civil action against the City and the DAO Defendants on October 19, 2022, seeking compensatory and punitive damages under 42 U.S.C. § 1983 (Counts I and II) and Pennsylvania law (Count III).  Appx024, 028-133.  He filed an amended complaint on October 29, 2022.  Appx025, 134-354. In Count I, Pownall alleges that the City and the DAO Defendants (in their individual capacities) willfully and deliberately violated his federal constitutional rights under the Fourth and Fourteenth Amendments by arresting and prosecuting him without probable cause.  In Count II, Pownall alleges that the City and the DAO Defendants (in their individual capacities) willfully and deliberately maintained policies and practices that encouraged wrongful conduct in violation of the First, Fourth, Eighth, and Fourteenth Amendments.  In Count III, Pownall purports to bring an undefined

state law claim against the DAO Defendants for "malicious and outrageous" conduct.

In the amended complaint, Pownall alleges that the DAO Defendants engaged in specific misconduct in connection with the grand jury proceedings. According to Pownall:

- The DAO Defendants allegedly realized that probable cause did not exist for Pownall's arrest after they received the Attorney General's investigation file in January 2018, and purportedly concocted a plan "to violate Pownall's constitutional rights and obtain a grand jury presentment which they could rely on to provide the necessary 'probable cause' they knew did not exist." Appx148 (¶¶ 56-59).

- The DAO Defendants purportedly "acted in concert to obtain false and/or contradictory witness statements before the investigating grand jury." Appx150 (¶ 67).

- The DAO Defendants purportedly withheld exculpatory evidence and other information in the grand jury proceedings to "mislead the grand jury," including (1) a draft expert report prepared by Gregory A. Warren;[3] (2) "the

---

[3]    Pownall mistakenly alleges that the draft expert report was prepared prior to the grand jury proceedings. Appx155 (¶ 93). However, the draft report refers in the past tense to the 2019 retirement of its author. *See* Appx205 (outlining the expert's professional background and noting that he "*retired* from Wilmington University *in 2019*") (emphasis added). Although the court must accept as true all well-pleaded

relevant and applicable legal definitions of murder;" and (3) instructions
for the peace officer justification defense under 18 Pa. C.S. § 508. Appx139
(¶ 12); Appx141 (¶ 15); *see also* Appx149-150 (¶¶ 64, 69).

The remainder of Pownall's allegations as to the DAO Defendants relates to their
purported misconduct during the criminal proceedings.

The District Court dismissed Pownall's § 1983 and state law claims with
prejudice on June 1, 2023,[4] holding that the DAO Defendants' actions before the
grand jury and during the court of common pleas criminal proceedings are entitled
to absolute immunity and that Pownall had failed to plead any plausible basis for
municipal liability under *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978).
Appx004, 010-015, 020-022.

---

facts, the draft report, which is attached to the amended complaint as Exhibit C, was
clearly prepared long after the August 23, 2018 grand jury presentment. Where there
is a disparity between a complaint exhibit and an allegation in the complaint based
on that exhibit, the exhibit will control. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859
(3d Cir. 1994). Accordingly, this Court must disregard all arguments and inferences
based on Pownall's incorrect allegations regarding the timing of this draft expert
report.

[4]     The District Court also dismissed, without prejudice, any claim that the DAO
Defendants' statements to the press and participation in the "Philly DA"
documentary violated Pownall's Sixth Amendment right to a fair trial. Appx023.
Although not pleaded in the complaint, Pownall attempted to assert a Sixth
Amendment violation in his opposition to the motion to dismiss. The District Court
held that this unpled § 1983 claim fails as a matter of law because there can be no
violation of a Sixth Amendment right to a fair trial when there has been no trial.
Appx016-017.

Pownall filed this appeal on June 7, 2023. Appx027. The sole issue before this Court is whether the DAO Defendants are entitled to absolute immunity for their conduct in preparing for and presenting the case to the investigating grand jury.[5]

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's decision dismissing Pownall's § 1983 claims because it is inescapable from the face of the amended complaint that absolute immunity bars these claims.

The District Court correctly held that the DAO Defendants are entitled to absolute immunity for their conduct as advocates preparing for and presenting the Commonwealth's case to the investigating grand jury. Under the law of this Circuit, the presentation of a case to an investigating grand jury is within the prosecutor's traditional function and subject to absolute immunity. *See Rose*, 871 F.2d at 343-345 & n.12. Accordingly, absolute prosecutorial immunity shields the DAO

---

[5]    This is the only issue addressed in Pownall's opening brief. "[A]ppellants are required to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief." *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1992); *see also Labors' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (holding that an argument is not preserved "unless a party raises it in its opening brief"). Accordingly, Pownall has waived appellate review of all other issues decided by the District Court. This includes the District Court's dismissal, with prejudice, of Pownall's state-law claims against the DAO Defendants (Appx017-018) and its dismissal, with prejudice, of Pownall's *Monell* claim against the City (Appx018-023). It also includes the District Court's holding that the DAO Defendants are absolutely immune from any § 1983 claim arising out of the criminal proceedings (Appx011).

Defendants from § 1983 liability even if the Court accepts Pownall's (unfounded) allegations as true and makes all reasonable inferences in his favor.

## STANDARD OF REVIEW

This Court exercises plenary review of the legal issues of absolute and qualified immunity and applies the same standard as the district court at the motion to dismiss stage. *Kulwicki v. Dawson*, 969 F.2d 1454, 1461-62 (3d Cir. 1992). "[T]he conduct triggering absolute immunity [must] 'clearly appear on the face of the complaint'" and the official seeking immunity bears the burden of showing that the conduct qualifies for immunity. *Weimer v. Cnty. of Fayette, Pennsylvania*, 972 F.3d 177, 187 (3d Cir. 2020). The court must "accept as true all allegations in the complaint" and draw all reasonable inferences from them "in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). However, a court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Buraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal citations and quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must plead facts sufficient to plausibly suggest an entitlement to relief). Dismissal is warranted on immunity grounds where, as here, the facts alleged demonstrate that the challenged conduct was prosecutorial in nature. *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008).

## ARGUMENT

**I.**    **The District Court Correctly Held that a Prosecutor's Presentation Before an Investigating Grand Jury Is a Core Prosecutorial Function Shielded by Absolute Immunity.**

Prosecutors are absolutely immune from liability under § 1983 for actions performed as the state's advocate. *Imbler*, 424 U.S. at 431. This immunity shields all acts "intimately associated with the judicial phase of the criminal process" but does not extend to "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270-73 (1993). To determine whether absolute immunity applies, the court must undertake a two-step functional analysis. First, the court must determine "what conduct forms the basis for the plaintiff's cause of action and . . . then determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Schneyer v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011); *see also Odd*, 538 F.3d at 208 (emphasizing that this inquiry focuses on the "nature of the function performed, not the identity of the actor who performed it.").

Under the established law of this Circuit, prosecutors function as advocates and are entitled to absolute immunity when preparing and presenting a case to a grand jury. *See Rose*, 871 F.2d at 344-45 & n.12. In *Rose*, the Montgomery County district attorney instituted grand jury proceedings to investigate allegations of

misconduct in the sheriff's office and the grand jury ultimately issued presentments recommending charges against the plaintiffs. *Id*. at 335-36. After the charges were resolved in their favor, the plaintiffs sued for malicious prosecution under § 1983, alleging, among other things, that the prosecutors had solicited perjured testimony before the grand jury. *Id*. at 343-45 & n.12. The Third Circuit affirmed the dismissal of the § 1983 claim, holding that the prosecutors were absolutely immune from suit for their conduct in connection with the grand jury. *Id*.; *see also Kulwicki*, 969 F.2d at 1465 (absolute immunity applies to prosecutor's solicitation and presentation of evidence to a grand jury); *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) ("prosecutors are immune from claims arising from their conduct in beginning a prosecution, including 'soliciting false testimony from witnesses in grand jury proceedings'") (internal citations omitted).

In his briefing to the District Court, Pownall asserted that a prosecutor's actions are per se "investigatory" up to and until the point at which there has been a probable cause determination and charges are filed. *See* Appx013-015; *see also* Appx412-413. The District Court correctly rejected this bright-line test as inconsistent with the two-step functional analysis required under the law of this Circuit, and Pownall has not renewed this argument on appeal.

However, Pownall has renewed his baseless contention that DAO attorneys "admitted" in the court of common pleas proceedings that the DAO Defendants'

grand jury role was "investigatory" not "prosecutorial."  *See* Pownall's Opening Brief ("Pownall Br.") at 28.  At an October 11, 2022 hearing, a DAO attorney stated to the court:

> [T]he investigating grand jury was a fact-finding vehicle.  It is the functional equivalent of the investigation that a detective would do when they are creating the affidavit of probable cause and then submitting it into the District Attorney's office to then convert into a criminal complaint and submit to a judge for signing for whether or not there's probable cause for an arrest warrant.

Appx136 (¶ 5); *see also* Appx137 (¶ 7), Appx337-338.  According to Pownall, these comments—general statements about the role and authority of an "investigatory" grand jury in Pennsylvania—somehow show that the DAO Defendants' role before the grand jury is no different than a detective's investigatory role.  To the contrary, the authority granted to a Pennsylvania investigating grand jury by statute[6] does not

---

[6]    The procedure for obtaining a grand jury presentment is set forth in the Investigating Grand Jury Act (the "Act").  *See* 42 Pa. C.S. 4641 *et seq*.  Under the supervision of the designated "supervising judge," the Act authorizes an empaneled grand jury to "inquire into offenses against the criminal laws of the Commonwealth" that are "brought to the attention of such grand jury by the court or by the attorney for the Commonwealth."  *Id*. § 4542 (defining role of "supervising judge"), § 4548 (defining powers of investigating grand jury).  If the grand jury determines "that upon the basis of evidence presented to it a presentment should be returned against an individual," the grand jury requests "the attorney for the Commonwealth to prepare a presentment."  *Id*. § 4551(a).  A presentment is a "written formal recommendation" that "specific persons be charged with specific crimes."  *Id*. 4542.  Any presentment approved by the grand jury is then submitted to the supervising judge.  *Id*. 4551(a).  The supervising judge will issue an order accepting the presentment if the presentment complies with the Act.  *Id*.

determine a prosecutor's function in the grand jury proceedings. *See Rose*, 871 F.2d at 345 (holding that a prosecutor functions as an advocate in "investigatory" grand jury proceedings and that "[t]he mere invocation of the catch-word 'investigatory' . . . cannot suffice in this case to forestall dismissal on immunity grounds."); *see also Zimmerman v. Corbett*, No. 13-cv-02788, 2015 WL 539783, at *7 n.8 (M.D. Pa. Feb. 10, 2015) ("That a Pennsylvania grand jury merely has the power to recommend charges, rather than to indict, is irrelevant; the function of the prosecutor in either scenario is the same: to present the state's case and evidence."). Under this established authority, the DAO Defendants were acting as "officer[s] of the court" in presenting the Commonwealth's case and evidence to the grand jury and their conduct is protected by absolute immunity. *Imbler*, 424 U.S. at 431 n.33; *see also Rose*, 871 F.2d at 345.

## II. The Specific Conduct Underlying Pownall's § 1983 Claim Is Clearly Prosecutorial and Protected By Absolute Immunity.

As required under *Imbler* and *Rose*, the District Court analyzed the specific conduct underlying Pownall's § 1983 claims against the DAO Defendants, and correctly held that each of the challenged actions is "prosecutorial" in nature. Appx012-015. Indeed, the challenged conduct at issue in this case is virtually identical to the challenged conduct at issue in *Rose*:

- Pownall alleges, as did the plaintiff in *Rose*, that the DAO Defendants initiated the grand jury proceedings in bad faith, without probable cause, knowing that Pownall was innocent. *See* Appx148 (¶¶ 56-59).

- Pownall alleges, as did the plaintiff in *Rose*, that the DAO Defendants solicited and presented "false and/or contradictory witness statements before the investigating grand jury." *See* Appx150 (¶ 67).[7]

- Pownall alleges, as did the plaintiff in *Rose*, that the DAO Defendants wrongfully withheld exculpatory evidence and other information from the grand jury. *See* Appx141 (¶ 15); 139 (¶ 12).

As in *Rose,* each of these challenged actions is "intimately associated with the judicial phase of the criminal process" and "clearly encompassed by the immunity doctrine." *See Rose*, 871 F.2d at 343-45 & n.12. Of particular significance, the *Rose*

---

[7]    In connection with his claim that the DAO Defendants presented "false and/or contradictory witness statements before the investigating grand jury," Pownall devotes many pages of his brief to comparing the witness statements outlined in the draft expert report to the grand jury testimony outlined in the presentment. *See* Pownall Br. at 13-15, 28-38. That comparison is both irrelevant and impermissible. It is irrelevant because it does not alter that the conduct of the DAO Defendants was the presentation of the Commonwealth's case to the grand jury and the court. It is impermissible because, as noted above, although Pownall has included a copy of the grand jury presentment in the Appendix, this document was neither submitted to nor considered by the District Court. *See*, *supra*, p. 4 n.1. To the extent that Pownall's arguments on appeal are based on a claim that the District Court erred by failing to consider specific claimed differences between the draft expert report and the presentment, *see, e.g.,* Pownall Br. 38-39, Pownall has waived this argument. *See Spireas v. Comm'r of Internal Revenue*, 886 F.3d 315, 321-22 (3d Cir. 2018).

Court expressly rejected Pownall's primary argument in this appeal: that "the procurement or solicitation of perjured testimony by coercion" for use before a grand jury is "an investigative act." *Id*. at 344. In doing so, the *Rose* Court explained:

> Although there may well be situations in which the allegations establish that the solicitation or coercion of false statements from a witness occurred while the prosecutor was acting in an investigative capacity, this does not appear to be one of them. The plaintiffs' allegations involve direct solicitations of testimony for use in the grand jury proceedings. ***Such solicitations are encompassed within "the preparation necessary to present a case" and therefore are immunized as involving the prosecutor's advocacy functions.***

*Id*. (emphasis added).

### III. Pownall's Witness Coercion Allegations Do Not Plausibly Suggest Any Conduct Not Covered By Absolute Immunity.

In an effort to avoid the clear authority discussed above, Pownall makes up a new argument not presented to the District Court: that the amended complaint does not support a finding of absolute immunity at the motion to dismiss stage because prosecutors and police detectives pressure witnesses when "searching for evidence" and it is "unclear" in the amended complaint whether the alleged witness coercion occurred before or after the DAO Defendants decided present the case to the grand jury. *See* Pownall Br. at 27 (citing *Weimer*, 972 F.3d at 187 and *Yarris v. Cnty. of Delaware*, 465 F.3d 129, 136-39 (3d Cir. 2006)). From these made-up assertions, Pownall argues that the alleged acts of "witness coercion" potentially "fall[] outside of the absolute immunity prosecutors enjoy when they are acting in a judicial

capacity" and discovery is required to determine whether the DAO Defendants "persuaded or coerced the witnesses into falsely changing their accounts ***before they brought the matter to the investigating grand jury***."  Pownall Br. 41 (emphasis in original).

Even if this argument were properly before this Court (and it is not),[8] Pownall admits in his amended complaint that the claimed misconduct was in connection with the preparation and presentation of witness testimony for which the DAO Defendants are entitled to absolute immunity.  Pownall alleges in his amended complaint that "the charging decision" was the "only decision that remained" when the Attorney General returned the investigation file to the DAO (Appx147, 148 (¶¶ 52, 56)) and that the DAO Defendants supposedly used the grand jury process to manufacture probable cause by presenting "false/contradictory" testimony before

---

[8]     Pownall did not make this argument before the District Court.  Rather, as discussed above, Pownall advocated for a bright-line test and took the position that a prosecutor cannot function as an advocate, as a matter of law, until after "the initiation of judicial proceedings."  *See*, *e.g.*, Appx412-413 ("The DAO Defendants are not entitled to absolute immunity because their alleged conduct at issue— fraudulent submissions requesting the investigatory grand jury resources, suborning false grand jury testimony, and withholding expert opinions, justification for deadly force and legal instructions to the grand jury—occurred prior to the initiation of judicial proceedings and without probable cause.").  Accordingly, Pownall has waived any right to argue for the first time on appeal that the District Court erred in dismissing his § 1983 claims on the ground that it is "unclear" from the face of the complaint when the supposed "witness coercion" occurred.  *See Spireas*, 886 F.3d at 321-22.

the grand jury and withholding exculpatory evidence (Appx148-151 (¶¶ 58-59, 65-69)).  Indeed, Pownall specifically alleges in Paragraph 67 of the amended complaint that the DAO Defendants purportedly pressured witnesses to change their accounts of the shooting for the express purpose of obtaining "***false and/or contradictory witness statements before the investigating grand jury***."  Appx150 (¶ 67) (emphasis added).

Moreover, neither *Yarris* nor *Weimer* supports Pownall's new argument.  In *Yarris*, this Court held that the defendant prosecutors could not establish that they were entitled to absolute immunity at the motion to dismiss stage because it was unclear from the face of the complaint "whether the fabrication of Yarris' confession occurred during the preliminary investigation of an unsolved crime, as in *Buckley*, or after the ADAs had decided to indict Yarris and had begun working as the states' advocates in the prosecution of Yarris."  465 F.3d at 138-39.  Similarly, in *Weimer*, this Court held that allegations that "[the prosecutor] and the police investigators manipulated evidence and knowingly continued to investigate contradictory witness statements" barred dismissal of the plaintiff's § 1983 claims against the prosecutor.  972 F.3d at 189.  In both these cases, the plaintiff had alleged facts sufficient to plausibly suggest that the prosecutors were engaged in "investigative" conduct alongside the police.  *See also Buckley*, 509 U.S. at 272-76 (holding that prosecutors were not immune from liability based on conduct when they were "working hand in

hand with the sheriff's detectives" and investigating "whether the bootprint at the scene of the crime had been made by [the plaintiff's] foot.").

Here, even accepting the facts asserted in Pownall's amended complaint as true and drawing all inferences in his favor, Pownall has failed to allege any conduct by the DAO Defendants akin to "investigating leads" or "searching for . . . clues." *See Weimer*, 972 F.3d at 189. All of Pownall's allegations of "witness coercion" center on supposed misconduct leading up to and during the grand jury proceedings. Accordingly, the DAO Defendants are absolutely immune from liability based on these allegations. *See Rose*, 871 F.2d at 345 ("alleged solicitations of perjury" are subject to absolute immunity when they "occur[] in preparation for [] grand jury proceedings"); *Kulwicki*, 969 F.2d at 1465 (emphasizing that witness "interviews generating evidence to be presented to a grand jury are absolutely protected").

## CONCLUSION

For all the foregoing reasons, this Court should affirm the District Court's dismissal of Pownall's complaint with prejudice.

/s/ David Smith
David Smith (PA I.D. 21480)
Anne E. Kane (PA I.D. 81872)
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Voice: (215) 575-7000
Facsimile: (215) 754-4603

# CERTIFICATION OF COMPLIANCE

I, David Smith, hereby certify as follows:

***Bar Membership***: I am a member in good standing of the bar of this Court.

***Type Volume***: This brief contains 4,757 words, excluding items listed in Rule 32(f), as counted by the word-processing software with which it was prepared.

***Electronic Filing***: The electronic version of this brief was prepared in portable document format (.pdf) and is identical to the paper version of the brief filed with the Court.  A virus scan was run on the electronic version of the brief and no virus was detected.

Dated:  November 9, 2023                    /s/ David Smith
                                            David Smith

## CERTIFICATE OF SERVICE

I, David Smith, hereby certify that on November 9, 2023, I caused the foregoing Brief of Appellees Lawrence S. Krasner and Tracy Tripp to be served through the court's electronic filing system on all counsel of record listed on the CM/ECF Service List.  I further certify that on November 9, 2023, in accordance with Local Appellate Rule 31.1(a) and this Honorable Court's Standing Order, dated April 29, 2013, I have mailed seven (7) identical paper copies of the foregoing Brief of Appellees Lawrence S. Krasner and Tracy Tripp to the Clerk of Court.

Dated:  November 9, 2023

/s/ David Smith
David Smith (PA I.D. 21480)
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500e
Philadelphia, PA  19102
Voice:  (215) 575-7062
Facsimile:  (215) 754-4603
dsmith@dilworthlaw.com